IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FREDERICK GRIFFIN AND
ANNIE Y. GRIFFIN                                                                                          PLAINTIFFS

v.                                                                                              CIVIL ACTION NO. 2:08cv1

ABN AMRO MORTGAGE GROUP INC.,
ITS AFFILIATES, HEIRS AND ASSIGNS,
MORRIS & ASSOCIATES,
EMILY K. COURTEAU, individually and in her
capacity as substituted trustee on the deed of trust,
and CITIMORTGAGE, INC., as Successor in interest
to ABN, ABC COMPANIES and JOHN DOES 1-10                                              DEFENDANTS

**ORDER**

This cause comes before the court on the motion of defendants to compel arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.  Plaintiffs Frederick and Annie Griffin have responded in opposition to the motion, and the court, having reviewed the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is, *inter alia*, a fraud action involving allegations that defendant ABN modified the mortgage agreement between the parties without plaintiffs' permission.  On November 20, 2007, plaintiffs filed suit in the Chancery Court of Desoto County, and defendants timely removed the case to this court.  Defendants have presently moved to compel arbitration on the basis of an arbitration clause which was attached to the 2001 Deed of Trust between plaintiffs and Hometown Mortgage Services (which later assigned the mortgage to ABN).  The arbitration clause, which was separately signed by plaintiffs, provides as follows:

1

**ARBITRATION OF DISPUTES.** All disputes, claims, or controversies arising from or related to the loan evidenced by the Note, including statutory claims, shall be resolved by binding arbitration, and not by court action, except as provided in "Exclusion from Arbitration" below. This arbitration agreement is made pursuant to a transition involving interstate commerce, and shall be governed by the Federal Arbitration Ac (9 U.S.C. Section 1-14) and the Code of procedure of the National Arbitration Forum as in effect as of the date of this agreement. Copies of rules and forms can be obtained and any claims can be filed at any Nation Arbitration Forum office, www.arbforum.com, or at P.O. Box 50191, Minneapolis, Minnesota 55405. Any arbitration hearing shall be conducted in the jurisdiction in which the Borrower sings this agreement, unless a different location is agreed to by Borrower and Lender. The arbitrator shall set forth in the award findings of fact and conclusions of law supporting the decision, which must be based on applicable law and supported by substantial evidence presented in the proceeding. Judgement upon the award may be entered by any court of competent jurisdiction. All disputes subject to arbitration under this agreement shall be arbitrated individually, and shall not be subject to being joined or combined in any proceeding with any claims of any persons or class of persons other than Borrower or Lender.
**EXCLUSION FROM ARBITRATION**. This agreement shall not limit the right of Lenders (a) accelerate or require immediate payment in full of the secured indebtedness or exercise the other Remedies described in this Security Instrument before, during, or after any arbitration, including the right to foreclose against or sell the Property; (b) exercise the rights set forth in the Uniform Covenant labeled "Protection of Lenders' Rights in the Property" contained in this Security Instrument, or (c) exercise of the right under the terms of the Security instrument to required payment in full of the indebtedness upon a transfer of the Property or a beneficial interest therein. Should Borrower appear in and contest any judicial proceeding initiated by Lender under this Exclusion, or initiate any judicial proceeding to challenge any action authorised by this Exclusion, then upon request of Borrower such judicial proceeding shall be stayed or dismissed and the matter shall proceed to arbitration in accordance with the section entitled "Arbitration of Disputes."

In arguing that this arbitration clause is unenforceable, plaintiffs raise both procedural and substantive unconscionability arguments. It is apparent, however, that federal courts in this circuit have enforced arbitration provisions under circumstances which gave rise to much stronger unconscionability arguments than those which are present here. In *Washington Mut. Finance Group, LLC v. Bailey*, 364 F.3d 260, 265 (5th Cir. 2004), for example, the Fifth Circuit

rejected arguments of procedural unconscionability in a case where the arbitration defendants were illiterate and were not informed that they were signing an arbitration agreement.

The arbitration clause in this case clearly and unequivocally obligates plaintiffs to arbitrate "all disputes, claims, or controversies arising from or related to the loan evidenced by the Note," and the court concludes that this language is sufficiently broad to include the claims asserted by plaintiffs in this case. Plaintiffs argue that the arbitration clause fails for lack of mutuality since it reserves the right of the lender to "exercise the other remedies described in this security instrument before, during or after any arbitration, including the right to foreclose against or sell the property." In the court's view, a provision reserving a lender's well-established right to foreclose upon property in the event of default does not support a conclusion that the agreement lacks mutuality. The court would also note that district courts in this state have concluded that "'mutuality of obligation is not required for a contract to be enforceable" and that an "arbitration clause is not unenforceable solely because it is one-sided," *see Family Financial Services, Inc. v. Fairley*, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001), *citing Pridgen v. Green Tree Financial Servicing Corp.*, 88 F. Supp. 2d 655, 659 (S.D. Miss. 2000). In contending otherwise, plaintiffs rely upon an Illinois appellate court decision which is clearly not authoritative in this context

Plaintiffs do cite some Mississippi authority in their brief, most notably the Mississippi Supreme Court's 2007 decision in *Roger Dabbs Chevrolet v. Blakeney*, 950 So.2d 170, 178 (Miss. 2007). The Supreme Court held in *Blakeney* that a plaintiff's civil fraud claim fell outside the scope of an arbitration agreement, and plaintiffs argue that this court should similarly refuse to compel arbitration of the fraud claims in this case. It appears to this court that the Supreme

3

Court in *Blakeney* was outraged about the circumstances of the alleged fraud in that case and that the court sought to deny arbitration therein while expressly emphasizing that "today's decision in no way undermines what is now a long line of cases from this Court undergirding the federal policy favoring arbitration." *Blakeney*, 950 So.2d at 178.[1] It thus appears that *Blakeney* was a result-oriented decision, and this court agrees with Judge Pepper's conclusion that the decision is "confined to its facts and cannot be used to invalidate the arbitration agreement in this case." S*ee Price v. Coldwell Banker Real Estate Corp.*, 2007 WL 2122635 (N.D. Miss. 2007).

In light of the foregoing, the court concludes that the arbitration provision in this case is valid and enforceable. The court further agrees with defendants that the provision applies to all defendants since the complaint in this case alleges "substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract" within the meaning of *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 526 (5th Cir. 2000). Plaintiffs submit that their claims against defendants Morris and Associates and Emily K. Courteau are distinct from their remaining claims, but the complaint repeatedly makes references to "defendants" having committed various acts of fraud and negligence. In the court's view, the complaint does allege "concerted misconduct" within the meaning of *Grigson*, and defendants' motion to compel arbitration will therefore be granted as to all defendants.

In light of the foregoing, it is ordered that defendants' motion to compel arbitration [29-1] is granted. Defendants' motion to dismiss [31-1] is dismissed as moot.

---

[1]This court would note that fraud claims are some of the most frequently raised claims in civil litigation, and any standard which sought to grant or deny arbitration based upon the subjective level of egregiousness of a particular fraud would be problematic. The Mississippi Supreme Court appears to recognize this fact, judging by the limiting language contained in *Blakeney*.

So ordered, this the 6th day of February, 2009.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**